**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Case No.: 21-12155-MAM

**JAMES R. MURPHY III,**                    Chapter 7

       **Debtor.**

_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSIES

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D) be deemed to have consented to the entry of an Order in the form attached to this motion.  Any scheduled hearing may then be canceled.**

Deborah C., Menotte (the "Trustee"), as Trustee in Bankruptcy for James R. Murphy, III (the "Debtor"), through undersigned counsel, files this Motion to Approve Stipulation to Compromise Controversies between the Trustee and the Debtor, pursuant to F.R.B.P. 9019, and states:

1.      The Debtor filed a voluntary chapter 7 proceeding on March 4, 2021 (the "Petition Date") [ECF 1].

2.      The Debtor owns assets valued at $13,800 over his allowed exemptions ("Assets Over Exemptions").

3.      In the year before the Petition Date, the Debtor transferred a total of $42,073.85 to or for the benefit of his wife, consisting of $18,880.79 paid to satisfy her credit card, $22,142.72 paid to her to reimburse her for private school expenses for their children, and $1,050.34 paid to her to reimburse her for tires for her car (collectively, the "Spousal Avoidances").

4.      In the year before the Petition Date, the Debtor transferred a total of $62,096.88 to third parties for other non-routine matters consisting of $9,210.00 in pre-payment for a year of health insurance for his family, $19,625.40 for private school for his children, $13,200.00 for 100% of the moving expense for his family, and $20,061.48 in net pre-paid rent prior to the Debtor's wife purchasing a house (collectively, the "Non-Spousal Avoidances").

5.      The Debtor denies that any of the Spousal Avoidances or the Non-Spousal Avoidances are actionable or were improper in any way.

6.      The Trustee and the Debtor have agreed to resolve these disputes.  A copy of their Stipulation is attached as Exhibit "A," and everyone should read it in case there is any inadvertent inconsistency with its summary herein, and to ensure that no one has misunderstood because the terms of the Stipulation attached control, not what this motion states about the stipulation.

7.      In full and final satisfaction of all issues, including, the Assets Over Exemptions, the Spousal Avoidances, and the Non-Spousal Avoidances, the Debtor shall pay the Trustee the total sum of $60,000 to be paid $10,000.05 within ten (10) days of the date the Court enters an Order approving this Stipulation, with the remaining $49,999.95 in equal amounts over the following eleven (11) months ($4,545.45 per month) starting on September 1, 2021.  The funds shall be made payable to "Deborah C. Menotte, as Trustee in Bankruptcy."  The Debtor shall deliver the funds to Deborah C. Menotte, P.O. Box 211087, West Palm Beach, FL 33421.  Upon receipt and clearance of the full $60,000, the Trustee waives all claims against the Debtor, the Debtor's spouse, and the recipients of the transfers for the Spousal Avoidances and the Non-Spousal Avoidances on account of them.  If the Debtor defaults, upon notice and hearing, then the Trustee shall be entitled to entry of a final money judgment against the Debtor for the $60,000, less any payments received, plus the Trustee's reasonable attorneys' fees and costs incurred as a result of a default. There shall be no early payment penalty. Upon full payment of the settlement amount, any claims or causes of action of the Trustee and/or the bankruptcy estate against the Debtor shall be deemed settled, released, satisfied, and discharged.  Upon any default, the Trustee may also pursue her other remedies against any other persons or entities relating to the Spousal Avoidances or the Non-Spousal Avoidances, if any.

8.      The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D.Fla. 1988).  The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness."  *Id*. at 891 (citing *In re Teltronics Services, Inc*., 762 F.2d 185, 189 (2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983)).

9.      The Trustee believes that this Stipulation more than complies with the legal principles relied upon within these authorities.  The sum of $60,000.00 covers 100% of the Assets Over Exemption and 100% of the Spousal Avoidances.  The Trustee believes she would prevail in recovering the Spousal Avoidances from the Debtor's spouse.  This settlement recovers 100% of

them without any litigation expenses at all.  The remaining $4,126.15 is 6.6% of the Non-Spousal Avoidances.  While this may appear to be a low amount, the Trustee has doubts as to whether those claims are strong, and the recipients will have substantial defenses to those actions which would not merit the administrative expenses necessary to prosecute them, in the Trustee's view. All were for the benefit of the Debtor himself and/or his family, so a reasonably equivalent value defense may exist.  They were made, however, in what appeared to be a scheme of the Debtor to drain his non-exempt assets as quickly as possible because of imminent bankruptcy and were accordingly made with the intent to hinder, delay, and defraud his creditors.  While the Trustee believes the Non-Spousal Avoidances are actionable, proving them and recovering those funds will be a large task with a substantial risk of loss and will require the Trustee to expend administrative expenses that may exceed the amount in controversy.  Given the Debtor is settling for 100% of the Spousal Avoidances without the Trustee having to send demand letters to the Debtor's spouse or to engage in any litigation with the Debtor's spouse, the Trustee believes accepting 6.6% on the Non-Spousal Avoidances is reasonable and in the best interests of the estate. The Trustee accepted the payment plan with a substantial downpayment and believes the remedies upon default, including against the Debtor's spouse, protect the estate.

10.    The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

i.    the probability of success in the litigation;

ii.    the difficulties, if any, to be encountered in the matter of collection;

iii.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

iv.    the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990).

11.    The Trustee believes that this settlement is in the best interests of creditors of the estate and meets the applicable legal standards.  Pursuant to the Stipulation, the Court shall retain

jurisdiction to enforce the Stipulation as may be necessary.  The proposed Order is attached as Exhibit "B."

WHEREFORE Deborah C. Menotte, as Trustee in Bankruptcy for James R. Murphy, III, prays this Honorable Court will enter an order approving the Stipulation to Compromise Controversies, and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Dated: July 7, 2021**

**FENDER, BOLLING, AND PAIVA, PA**

 */s/ G. Steven Fender*_____
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for the Trustee
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                              Case No.: 21-12155-MAM

**JAMES R. MURPHY III,**                          Chapter 7

      **Debtor.**
_____/

### STIPULATION TO COMPROMISE CONTROVERSIES

This Stipulation to Compromise Controversies (this "Stipulation") is entered into on the date set forth below between Deborah C. Menotte (the "Trustee"), as Trustee in Bankruptcy for James R. Murphy, III (the "Debtor"), and the Debtor (the Trustee and the Debtor, collectively, the "Parties").  The Parties stipulate and agree:

### RECITALS

WHEREAS, the Debtor filed a voluntary chapter 7 proceeding on March 4, 2021 (the "Petition Date") [ECF 1].

WHEREAS, the Debtor owns assets valued at $13,800 over his allowed exemptions ("Assets over Exemptions");

WHEREAS, in the year before the Petition Date, the Trustee alleges the Debtor transferred a total of $42,073.85 to or for the benefit of his wife, consisting of $18,880.79 paid to satisfy her credit card, $22,142.72 paid to her to reimburse her for private school expenses for their children, and $1,050.34 paid to her to reimburse her for tires for her car (collectively, the "Spousal Avoidances").  The Debtor disputes that the above transfers were "to or for the benefit of his wife" and states that the transfers were for the benefit of himself and his family;

WHEREAS, in the year before the Petition Date, the Trustee alleges the Debtor transferred a total of $62,096.88 to third parties as follows: $9,210.00 in pre-payment for a year of health insurance for his family, $19,625.40 for private school for his children, $13,200 for 100% of the moving expense for his family, and $20,061.48 in net pre-paid rent prior to the Debtor's wife purchasing a house which the Trustee contends are voidable transfers (collectively, the "Non-Spousal Avoidances");

## Exhibit "A"

WHEREAS, the Debtor denies that any of the Spousal Avoidances or the Non-Spousal Avoidances are actionable or were improper in any way; and

WHEREAS, the Parties seek to resolve these issues amicably.

## AGREEMENT

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      The above recitals are true and correct and are incorporated herein.

2.      In full and final satisfaction of all issues, including, the Assets Over Exemptions, the Spousal Avoidances, and the Non-Spousal Avoidances, the Debtor shall pay the Trustee the total sum of $60,000 to be paid $10,000.05 within ten (10) days of the date the Court enters an Order approving this Stipulation, with the remaining $49,999.95 in equal amounts over the following eleven (11) months ($4,545.45 per month) starting on September 1, 2021.  The funds shall be made payable to "Deborah C. Menotte, as Trustee in Bankruptcy."  The Debtor shall deliver the funds to Deborah C. Menotte, P.O. Box 211087, West Palm Beach, FL 33421.  Upon receipt and clearance of the full $60,000, the Trustee waives all claims against the Debtor, the Debtor's spouse, and the recipients of the transfers for the Spousal Avoidances and the Non-Spousal Avoidances on account of them.  If the Debtor defaults, upon notice and hearing, then the Trustee shall be entitled to entry of a final money judgment against the Debtor for the $60,000, less any payments received, plus the Trustee's reasonable attorneys' fees and costs incurred as a result of a default. There shall be no early payment penalty. Upon full payment of the settlement amount, any claims or causes of action of the Trustee and/or the bankruptcy estate against the debtor shall be deemed settled, released, satisfied, and discharged.  Upon any default, the Trustee may also pursue her other remedies against any other persons or entities relating to the Spousal Avoidances or the Non-Spousal Avoidances, if any.

3.      Upon the execution of this Stipulation, the Trustee shall file a motion to approve this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court in the above referenced matter.

4.      The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Bankruptcy Court.  Upon the Court approving this Stipulation, the Parties will

ask the Bankruptcy Court to enter an Order approving it and reserving jurisdiction to enforce this Stipulation.  In the event that this Stipulation is not approved, it shall be deemed null and void.

## NO OTHER AGREEMENTS; MODIFICATION

5.      This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth herein.  This Stipulation may be altered, amended, or modified only by an instrument in writing, executed by the Parties, with the same formality as this Stipulation, and by no other means.  Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

6.      All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

7.      The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party.  The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that it is the result of negotiations between the Parties.

## WAIVERS

8.      The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

9.      The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

10.    The Parties enter into this Stipulation freely and voluntarily.  Neither of the Parties have been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

11.    The Parties acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

12.    This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective Parties.

13.    This Stipulation may be executed in two or more counterparts, including scanned email counterparts, none of which need contain signatures of all of the Parties, each of which will constitute an original, and all of which, taken together, shall constitute one and the same stipulation.

14.    The date of this Stipulation is the date on which the last of the parties executes a copy of it.

**CAPTIONS**

15.    The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text, or intended to be referred to in construing any provision of it.

**INCORPORATION OF RECITALS**

16.    The recitals to this Stipulation are incorporated and accepted and agreed to by the Parties as though fully set forth in its body.  The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision.  The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

**NOTICES**

17.    Any notices required by this Stipulation must be given either in writing by email to

4

the parties as follows:

>To the Trustee:
>G. Steven Fender, Esq.
>P.O. Box 1545
>Ft. Lauderdale, FL 33302
>steven.fender@fender-law.com

>To the Debtor:
>Marc Barmat, Esq.
>2255 Glades Road, Suite 310E
>Boca Raton, FL 33431
>mbarmat@furrcohen.com

**DEBORAH C. MENOTTE, AS TRUSTEE IN BANKRUPTCY FOR JAMES R. MURPHY III**

Date: ~~June~~ July 6, 2021          By: _____
                                                           Deborah C. Menotte, Trustee


Date: June 29, 2021                       By: _____
                                                           James R. Murphy, III

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

                                            **Case No.: 21-12155-MAM**

**JAMES R. MURPHY III,**

                                            **Chapter 7**

        **Debtor.**

_____/

**ORDER GRANTING MOTION TO APPROVE STIPULATION**
**TO COMPROMISE CONTROVERSIES [ECF___]**

THIS MATTER having come before the Court in West Palm Beach, Florida, upon the Trustee Deborah C. Menotte's (the "Trustee") Motion to Compromise Controversies (the "Motion") [ECF ___], and the Trustee by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21 day response time provided by that rule has expired, that no one has filed, or served on the Trustee a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the Motion filed by the Trustee, and being otherwise fully advised in the premises, hereby

ORDERS:

1.    The Motion is GRANTED and the Stipulation attached to the Motion is APPROVED.

2.    The Court hereby approves the Stipulation and settlement reached between the Trustee and the Debtor James R. Murphy, III (the "Debtor").

**Exhibit "B"**

3.      The terms of the Stipulation attached to the Motion are incorporated herein.

4.      The Court finds that all Creditors have been duly noticed of the Motion, and the proposed settlement.

5.      The Court finds that the settlement is in the best interest of creditors and the estate.

6.      In full and final satisfaction of all issues, including, the Assets Over Exemptions, the Spousal Avoidances, and the Non-Spousal Avoidances, the Debtor shall pay the Trustee the total sum of $60,000 to be paid $10,000.05 within ten (10) days of the date the Court enters an Order approving this Stipulation, with the remaining $49,999.95 in equal amounts over the following eleven (11) months ($4,545.45 per month) starting on September 1, 2021.  The funds shall be made payable to "Deborah C. Menotte, as Trustee in Bankruptcy."  The Debtor shall deliver the funds to Deborah C. Menotte, P.O. Box 211087, West Palm Beach, FL 33421.  Upon receipt and clearance of the full $60,000, the Trustee waives all claims against the Debtor, the Debtor's spouse, and the recipients of the transfers for the Spousal Avoidances and the Non-Spousal Avoidances on account of them.  If the Debtor defaults, upon notice and hearing, then the Trustee shall be entitled to entry of a final money judgment against the Debtor for the $60,000, less any payments received, plus the Trustee's reasonable attorneys' fees and costs incurred as a result of a default. There shall be no early payment penalty. Upon full payment of the settlement amount, any claims or causes of action of the Trustee and/or the bankruptcy estate against the Debtor shall be deemed settled, released, satisfied, and discharged.  Upon any default, the Trustee may also pursue her other remedies against any other persons or entities relating to the Spousal Avoidances or the Non-Spousal Avoidances, if any.

7.      The Court reserves jurisdiction to enforce the terms of this Order and the Stipulation.

# # #

Submitted by:

G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for Trustee
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

Mr. Fender is instructed to serve copies of this Order on all parties in interest and to file a certificate of service that he has done so.

2